In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Gregory J. STRAUB, Attorney at Law:

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, n/k/a Office of Lawyer Regulation, Complainant,

v.

Gregory J. STRAUB, Respondent.

Supreme Court

*No. 93–1718–D. Decided December 27, 2002.*

2002 WI 130

(Also reported in 655 N.W.2d 111.)

¶ 1. PER CURIAM.   We review the recommendation of the referee that Gregory J. Straub's license to practice law in Wisconsin be reinstated. The Office of Lawyer Regulation (OLR) and the Board of Bar Examiners join in that recommendation.

¶ 2. We adopt the referee's findings of fact and conclusions of law and agree with his recommendation that Gregory J. Straub's license to practice law be reinstated, subject to compliance with current Continuing Legal Education (CLE) requirements. Mr. Straub shall also be required to pay the costs of the reinstatement proceeding. In addition, for a period of two years after he opens a trust account, Mr. Straub shall be required to submit said trust account for inspection and monitoring by the OLR on a quarterly basis.

¶ 3. Gregory J. Straub was admitted to practice law in Wisconsin in 1990 and engaged in private practice in Milwaukee. By order dated September 16, 1993, Mr. Straub's license to practice law was revoked based on professional misconduct including forging a client's signature on a settlement check and release, converting a client's settlement funds to his own use, misrepresenting to his client and others the amount of the settlement received, settling clients' claims without their knowledge or authorization, depositing personal funds in an account with client funds, failing to keep required records of trust account transactions, and fabricating lien satisfactions in order to obtain a personal loan.

¶ 4. On March 20, 2001, Mr. Straub filed a petition for reinstatement of his license under SCR 22.28.[1]

---

[1] SCR 22.28 provides: License reinstatement.

(1) An attorney suspended from the practice of law for nonpayment of state bar membership dues or failure to comply with the trust account certification requirement or continuing legal education requirements may seek reinstatement under the following rules, as applicable:

(a) An attorney whose suspension for nonpayment of state bar membership dues has been for a period of less than 3 consecutive years may seek reinstatement under SCR 10.03(6m)(a).

Attorney Charles J. Herro was assigned as referee. The referee held a public hearing on the reinstatement petition in August 2002. Various witnesses testified at the hearing. The referee issued his report and recommendation on September 25, 2002.

¶ 5.  The referee concluded that Mr. Straub had satisfactorily addressed all of the requirements for reinstatement set forth in SCR 22.29(4).[2]

---

(b) An attorney whose suspension for failure to comply with the continuing legal education requirements has been for a period of less than 3 consecutive years may seek reinstatement under SCR 31.11(1).

(c) An attorney whose suspension for nonpayment of state bar membership dues has been for a period of 3 or more consecutive years may seek reinstatement under SCR 10.03(6m)(b).

(d) An attorney whose suspension for failure to comply with the continuing legal education requirements has been for a period of 3 or more consecutive years may seek reinstatement under SCR 31.11(1m).

(e) An attorney who has been suspended for failure to comply with the trust account certification requirement under SCR 20:1.15(g) may seek reinstatement under SCR 10.03(6m)(c).

(2) The license of an attorney suspended for misconduct for less than six months shall be reinstated by the supreme court upon the filing of an affidavit with the director showing full compliance with all the terms and conditions of the order of suspension and the director's notification to the supreme court of the attorney's full compliance.

(3) The license of an attorney that is revoked or suspended for misconduct for six months or more shall be reinstated pursuant to the procedure set forth in SCR 22.29 to 22.33 and only by order of the supreme court.

[2] SCR 22.29(4) provides:

(4) The petition for reinstatement shall show all of the following:

¶ 6.   The referee recommended that Mr. Straub's license be reinstated subject to monitoring of his trust account on a quarterly basis by the OLR. The referee also recommended that Mr. Straub be required to pay the costs of the reinstatement proceeding.

¶ 7.   After a review of the record we conclude that Gregory J. Straub has established by clear, satisfactory,

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct or, if not, the petitioner's explanation of the failure or inability to do so.

and convincing evidence that he has satisfied all the criteria for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we agree with the referee's recommendation that Mr. Straub's license to practice law in Wisconsin be reinstated.

¶ 8. IT IS ORDERED that the petition for reinstatement of the license of Gregory J. Straub to practice law in Wisconsin is granted, effective the date of this order, subject to compliance with current CLE requirements.

¶ 9. IT IS FURTHER ORDERED that for a period of two years after Mr. Straub opens a trust account he be required to submit said trust account for inspection and monitoring by the OLR on a quarterly basis.

¶ 10. IT IS FURTHER ORDERED that within six months of the date of this order Gregory J. Straub pay to the OLR the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Gregory J. Straub to practice law in Wisconsin shall be suspended until further order of the court.